**Electronically Filed
Intermediate Court of Appeals
30396
30-JAN-2012
02:27 PM**

NO. 30396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
WADE MITSU YAMAMOTO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTC-09-036457)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Wade Mitsu Yamamoto (**Yamamoto**) appeals from the February 17, 2010 judgment and sentence, entered by the Honolulu Division of the District Court of the First Circuit (**District Court**),[1] convicting him of the offense of Excessive Speeding in violation of Hawaii Revised Statutes (**HRS**) § 291C-105 (2007).

On appeal, Yamamoto contends that: (1) the District Court erred by admitting the speed check card as a business record under the Hawaii Rules of Evidence Rule 803(b)(6); (2) the State failed to establish sufficient foundation for the reliability of the speed check card; (3) the admission of the speed check card violated Yamamoto's right to confrontation; and (4) disregarding the inadmissible evidence, there is insufficient evidence to sustain a conviction for Excessive Speeding.

---

[1] The Honorable Leslie Hayashi presided.

The State concedes that, pursuant to State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010), insufficient foundation was laid for admission of the speed check card as a business record, but argues that sufficient evidence exists for conviction on the lesser included offense of Noncompliance with Speed Limit under HRS § 291C-102(a)(1) (2007).

Based on a careful review of the points on appeal, the arguments made, the record, and the applicable authority, we resolve Yamamoto's contentions as follows:

The record reflects that Yamamoto objected to the admission of the speed check card based on, inter alia, a lack of foundation and that there was insufficient evidence presented to satisfy the foundational requirements of Fitzwater for admissibility of the speed check card. Consequently, it was error to admit evidence of the speed check card and the speedometer reading based thereon. Thus, it appears that the State's concession in this regard was well taken. See State v. Wasson, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994). Because we reached this conclusion, we do not address Yamamoto's other points of error on the excessive speeding charge. In the absence of admissible evidence that Yamamoto's speed was in excess of thirty miles over the speed limit, there was insufficient evidence supporting his conviction for Excessive Speeding and that conviction must be reversed.

Our next inquiry is whether sufficient evidence existed for conviction of the lesser included offense of Noncompliance with Speed Limit, in violation of HRS § 291C-102(a)(1). In Fitzwater, 122 Hawai'i at 360, 227 P.3d at 526, where the district court judge determined that the officer's pacing speed was a "reasonably accurate clocking and irrespective" of the speed check card, the reviewing court determined that "there was sufficient evidence to establish that Fitzwater was driving his vehicle 'at a speed greater than the maximum speed limit' in

violation of HRS § 291-102(a)(1), based on Fitzwater's admission during his testimony that he was driving in excess of the speed limit, as well as [Officer] Ah Yat's testimony [,]" Id. at 378, 227 P.3d at 544. Here, it appears that any error in the District Court's reliance on the speed established by Officer Lopes's testimony regarding her speedometer reading was harmless beyond a reasonable doubt as to the lesser included speeding infraction where Officer Lopes testified that the speed limit was 50 miles per hour, that she paced Yamamoto at a speed of well over 85 miles per hour, Yamamoto passed at least four speed limit signs indicating the speed limit of 50 miles per hour, the officer observed Yamamoto changing lanes and cutting through traffic when he suddenly "took off," Yamamoto admitted that he "was going a little too fast," and Yamamoto admitted that he was traveling at a speed of "between 60 and 65" miles per hour. See State v. Bullard, 124 Hawai'i 270, 276, 241 P.3d 562, 568 (App. 2010); Fitzwater, 122 Hawai'i at 378, 277 P.3d at 544.

For these reasons, the District Court's February 17, 2010 Judgment and Sentence is vacated and the case is remanded with instructions to enter a judgment that Yamamoto committed the traffic infraction of Noncompliance with Speed Limit, in violation of HRS § 291C-102(a)(1).

DATED: Honolulu, Hawai'i, January 30, 2012.

On the briefs:

Arthur N. Indiola
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge